# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------------X
THOMAS W. REDDY,

                           Plaintiff(s),

    -against-

HOME DEPOT U.S.A., INC. and JOHN DOE,

                           Defendant(s).
-------------------------------------------------------------------------X

Index No.:
Date Purchased:

**E-FILED SUMMONS**

Plaintiffs designate Suffolk
County as the place of trial.

The basis of venue is:
Plaintiff's Residence

Plaintiffs reside at:
865 County Line Road
Apt. 24
Amityville, NY 11701
County of Suffolk

**To the above named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Ronkonkoma, New York
          February 23, 2022

_____
SEAN KELLY
Gruenberg Kelly Della
700 Koehler Avenue
Ronkonkoma, New York 11779
631-737-4110
Our File No. 210600

TO:

HOME DEPOT U.S.A., INC.
c/o Corporation Service Company
80 State Street
Albany, NY 12207

JOHN DOE, an employee of defendant

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
----------------------------------------------------------------------X
THOMAS W. REDDY,

                            Plaintiff(s),

      -against-

HOME DEPOT U.S.A., INC. and JOHN DOE,

                            Defendant(s).
----------------------------------------------------------------------X

Index No.:

**E-FILED VERIFIED COMPLAINT**

Plaintiff, by his attorneys, GRUENBERG KELLY DELLA, complaining of the Defendants, respectfully allege, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THOMAS W. REDDY

1. That at all times herein mentioned, plaintiff was, and still is, a resident of the County of Suffolk, State of New York.

2. That the cause of action alleged herein arose in the State of New York, County of Suffolk.

3. That this action falls within one or more of the exemptions set forth in CPLR §1602.

4. That at all times hereinafter mentioned and upon information and belief, defendant, HOME DEPOT U.S.A., INC., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

5. That at all times hereinafter mentioned and upon information and belief, defendant, HOME DEPOT U.S.A., INC., was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

6. That at all times hereinafter mentioned, defendant, JOHN DOE, was, and still is a resident of the State of New York.

7. That on March 14, 2021, and at all times hereinafter mentioned, JOHN DOE, was employed by defendant, HOME DEPOT U.S.A., INC.

8. That on March 14, 2021, and at all times herein mentioned, defendant, HOME DEPOT U.S.A., INC., owned the premises located at 1101 Sunrise Highway, Copiague, NY 11726.

9. That on March 14, 2021, and at all times herein mentioned, defendant, HOME DEPOT U.S.A., INC., was the lessee of the aforesaid premises.

10. That on March 14, 2021, and at all times herein mentioned, defendant, HOME DEPOT U.S.A., INC., was the lessor of the aforesaid premises.

11. That on March 14, 2021, and at all times herein mentioned, defendant, HOME DEPOT U.S.A., INC., operated the aforesaid premises.

12. That on March 14, 2021, and at all times herein mentioned, defendant, HOME DEPOT U.S.A., INC., maintained the aforesaid premises.

13. That on March 14, 2021, and at all times herein mentioned, defendant, HOME DEPOT U.S.A., INC., managed the aforesaid premises.

14. That on March 14, 2021, and at all times herein mentioned, defendant, HOME DEPOT U.S.A., INC., controlled the aforesaid premises.

15. That on March 14, 2021, and at all times herein mentioned, defendant, HOME DEPOT U.S.A., INC., repaired the aforesaid premises.

16. That on March 14, 2021, and at all times herein mentioned, defendant, HOME DEPOT U.S.A., INC., inspected the aforesaid premises.

17. That on March 14, 2021, and at all times herein mentioned, defendant, HOME DEPOT U.S.A., INC., provided security at the aforesaid premises.

18. That on March 14, 2021, and at all times herein, defendant, JOHN DOE, was acting as an agent of defendant, HOMEM DEPOT U.S.A., INC.

19. That each Defendant herein was acting as an agent for each other Defendant herein and as such each is vicariously liable for others acts.

20. That on March 14, 2021, defendant, JOHN DOE, was acting within the scope of their employment and/or agency agreement with the defendant, HOME DEPOT U.S.A., INC.

21. That on March 14, 2021, and at all times mentioned herein, defendant, JOHN DOE, acted as a security officer at the aforesaid premises with the consent of defendant, HOME DEPOT U.S.A., INC.

22. That on March 14, 2021, and at all times herein mentioned, an unsafe and hazardous condition existed on or about the aforesaid premises.

23. That on March 14, 2021, and at all times herein mentioned, defendant, HOME DEPOT U.S.A., INC., caused this unsafe and hazardous condition.

24. That on March 14, 2021, and at all times herein mentioned, defendant, JOHN DOE, caused this unsafe and hazardous condition.

25. That on March 14, 2021, and at all times herein mentioned, defendant, HOME DEPOT U.S.A., INC. created this unsafe and hazardous condition.

26. That on March 14, 2021, and at all times herein mentioned, defendant, JOHN DOE created this unsafe and hazardous condition.

27. That upon information and belief, defendant, HOME DEPOT U.S.A., INC., had actual notice of this unsafe and hazardous condition.

28. That upon information and belief, defendant, JOHN DOE, had actual notice of this unsafe and hazardous condition.

29. That upon information and belief, defendant, HOME DEPOT U.S.A., INC., had constructive notice of this unsafe and hazardous condition.

30. That upon information and belief, defendant, JOHN DOE, had constructive notice of this unsafe and hazardous condition.

31. That on March 14, 2021, plaintiff, THOMAS W. REDDY, was lawfully present on or about the aforesaid premises.

32. That on March 14, 2021, plaintiff, THOMAS W. REDDY, was lawfully present on the aforesaid premises with the knowledge, permission and consent of the defendants.

33. That on March 14, 2021, while plaintiff, THOMAS W. REDDY, was lawfully present on the aforesaid premises, he was caused to be negligently, intentionally, wrongfully, willfully, maliciously and with gross negligence, physically detained, assaulted, beaten, choked and/or falsely arrested and wrongfully accused of a crime by defendant, JOHN DOE, within the course of his employment with defendant, HOME DEPOT U.S.A., INC.

34. That on March 14, 2021, plaintiff, THOMAS W. REDDY, wrongfully arrested by the police due to negligently, intentionally, wrongfully, willfully and maliciously being wrongfully accused of a crime by defendant, JOHN DOE, within the course of his employment with defendant, HOME DEPOT U.S.A., INC.

35. That the aforementioned occurrence took place due to the conduct of the defendant, JOHN DOE, and/or the defendants' agents, servants, employees and/or licensees, acting within the scope of their authority, within the scope of their employment and in the furtherance of their agency.

36. That the aforesaid occurrence and the results thereof were due to and caused by the joint, several and concurrent conduct of the defendants, and their agents, servants, employees and/or licensees in negligently, carelessly and recklessly causing, allowing and/or permitting the Plaintiff to be willfully, maliciously and with gross negligence physically detained, assaulted, choked, and falsely arrested.

37. That no negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

38. That as a result of the foregoing, plaintiff, THOMAS W. REDDY, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF THOMAS W. REDDY

39. Plaintiff repeat and realleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

40. That the above mentioned occurrence, and the results thereof, were caused by the joint, several and concurrent negligence of the Defendants and/or said Defendants' agents, servants, employees and/or licensees in the operation, management, maintenance, supervision, security and control of the aforesaid premises; and in being otherwise negligent and careless.

41. That prior to March 14, 2021, defendant, JOHN DOE, was known, or should have been known, by defendant, HOME DEPOT U.S.A, INC., to be unruly, vicious and possessed of an assaultive propensity and known to be unruly and to verbally threaten, harass, and/or attack other human beings.

42. That defendant, HOME DEPOT U.S.A, INC., negligently hired and/or retained the services of defendant, JOHN DOE, and negligently failed to supervise or discharge them from the premises, thereby causing and contributing to the above-stated incident.

43. That because of the above stated occurrence, plaintiff, THOMAS W. REDDY, was caused to sustain serious injuries and to have suffered pain, offense, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries, and Plaintiff has been caused to incur, and will continue to incur expenses for medical care and attention; and Plaintiffs were, and will continue to be rendered unable to perform their normal activities and duties and have sustained a resultant loss therefrom.

44. That because of the above stated occurrence, plaintiff, THOMAS W. REDDY, was wrongfully arrested by the police due to negligently, intentionally, wrongfully, willfully and maliciously being wrongfully accused of a crime by defendant, JOHN DOE, within the course of his employment with defendant, HOME DEPOT U.S.A., INC.

45. That as a result of the foregoing, plaintiff, THOMAS W. REDDY, has incurred out-of-pocket expenses to defend a criminal prosecution caused by being wrongfully accused of a crime by defendant, JOHN DOE, within the course of his employment with defendant, HOME DEPOT U.S.A., INC.

46. That as a result of the foregoing, plaintiff, THOMAS W. REDDY, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

**WHEREFORE,** Plaintiff demands judgment against the Defendants on the First Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction; and on the Second Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Ronkonkoma, New York
February 23, 2022

Yours, etc.

_____
SEAN KELLY
Gruenberg Kelly Della
700 Koehler Avenue
Ronkonkoma, New York 11779
631-737-4110
Our File No. 210600

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK
COUNTY OF SUFFOLK          SS.:

_Thomas W. Reddy_ being duly sworn deposes and says:

I am the plaintiff(s) herein; I have read the annexed

_Summons and Complaint_

and know the contents thereof and the same are true to my knowledge, except for those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

x _Thomas W. Reddy_

Sworn to before me this
_23_ day of _February_ 20_22_

_[signature]_
Notary Public

KAREN ERPANUR
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01ER6130495
Qualified in SUFFOLK County
Commission Expires July 18, 20_25_